IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL H. HOLLAND, MICHEAL W.
BUCKNER, B.V. HYLER and STEVEN F.
SCHAAB as Trustees of the UNITED MINE
WORKERS OF AMERICA 1974 PENSION
PLAN
2121 K Street, N.W.
Washington, DC 20037

    Plaintiffs,
  v.

CARDINAL TRUCKING COMPANY, INC.
430 Harper Park Drive
Suite B
Beckley, WV 25801

BIG "E" TRANSFER, INC.
430 Harper Park Drive
Suite B
Beckley, WV 25801

HUNTER TRUCKING, INC.
430 Harper Park Drive
Suite B
Beckley, WV 25801

    Defendants.

Civil Action No.

**COMPLAINT FOR COLLECTION OF**
**EMPLOYER WITHDRAWAL LIABILITY**

  Plaintiffs, Michael H. Holland, B V Hyler, Steven F. Schaab, and Micheal W. Buckner in

their capacities as Trustees of the United Mine Workers of America ("UMWA") 1974 Pension

Plan ("1974 Plan"), by their undersigned counsels, for their Complaint against Defendant

Cardinal Trucking Company, Inc., Defendant Big "E" Transfer, Inc., and Hunter Trucking, Inc.

allege, upon knowledge with respect to themselves and their action and upon information and belief with respect to all other matters, as follows:

## Jurisdiction and Venue

1. This is an action for declaratory and injunctive relief, and for collection of delinquent withdrawal liability payments, damages, and interest thereon incurred as the result of a withdrawal by an employer from a multiemployer pension plan.

2. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §§ 1001-1461 (1982). This Court has jurisdiction over this action under Sections 502(e), 502(f), and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e), 1132(f), and 1451(c).

3. Venue lies in this Court under Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d).

## Parties

4. Plaintiffs, Michael H. Holland, B.V. Hyler, Steven F. Schaab, and Micheal W. Buckner are Trustees of the 1974 Plan. The Trustees administer the 1974 Plan at 2121 K Street, N.W., Washington, D.C. 20037. The Trustees are fiduciaries with respect to the 1974 Plan within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21). The Trustees are authorized to bring this action by Sections 502(a)(3) and 4301(a)(1) and (b) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1451(a)(1) and (b). The 1974 Plan is a multiemployer pension plan within the meaning of Sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(37) and 1301(a)(3).

5. On June 30, 2007, the UMWA 1950 Pension Plan merged into the 1974 Plan. Pursuant to the merger, the Trustees of the 1974 Plan are authorized to bring claims formerly

belonging to the 1950 Plan. The 1950 Plan and the 1974 Plan are collectively referred to herein as "the Plans."

6. Defendant Cardinal Trucking Company, Inc. is or was a West Virginia corporation and engaged in the business of acquiring, producing, and/or cleaning coal and maintaining mine sites.

7. Defendant Cardinal Trucking Company, Inc. was a party to the National Bituminous Coal Wage Agreement of 1988 (the "1988 Agreement"), the National Bituminous Coal Wage Agreement of 1993, (the "1993 Agreement"), the National Bituminous Coal Wage Agreement of 1998, (the "1998 Agreement"), and the National Bituminous Coal Wage Agreement of 2002 (the "2002 Agreement")(collectively the "Agreements").

8. Pursuant to its obligations under the terms of the Agreements, Defendant Cardinal Trucking Company, Inc. was a participating employer in the Plans. Defendant Cardinal Trucking Company, Inc. was obligated to and did make contributions to the Plans on behalf of its employees covered under the Agreements. Defendant Cardinal Trucking Company, Inc. permanently ceased all covered operations under the Plans in or about July 2003. As a result of this cessation, Defendant Cardinal Trucking Company, Inc. withdrew from the Plans in a complete withdrawal, as that term is defined in Section 4203(a) of ERISA, 29 U.S.C. § 1383(a).

9. Defendant Big "E" Transfer, Inc. is or was a West Virginia corporation which is not a participating employer in the Plans.

10. Defendant Hunter Trucking, Inc. is or was a West Virginia corporation which is not a participating employer in the Plans.

11. Plaintiffs allege upon information and belief that Defendant Cardinal Trucking Company, Inc., Defendant Big "E" Transfer, Inc., and Defendant Hunter Trucking, Inc. were under "common control" on the date of withdrawal within the meaning of Section 4001(b)(1) of ERISA 29 U.S.C. § 4001(b)(1), 29 U.S.C. § 1301(b)(1), and regulations promulgated thereunder, 29 C.F.R. Part 2612. As such, Defendant Cardinal Trucking Company, Inc., Defendant Big "E" Transfer, Inc., and Defendant Hunter Trucking, Inc. are a single employer for withdrawal liability purposes, and therefore jointly and severally liable for the withdrawal liability of Cardinal Trucking Company, Inc. (Collectively referred to herein as the "Employer.")

### Count I

12. As a result of its complete withdrawal from the 1950 Plan, the Employer incurred withdrawal liability to the 1950 Plan in the amount of $101,833.48, determined under Section 4211(d)(1) of ERISA, 29 U.S.C. § 1391(d)(1).

13. Pursuant to Sections 4202(2) and 4219 of ERISA, 29 U.S.C. §§ 1382(2) and 1399, Plaintiffs notified the Employer of its withdrawal liability by letter dated June 26, 2007. Plaintiffs demanded withdrawal liability of $101,833.48 and offered the Employer the option of discharging its liability in monthly payments or paying its withdrawal liability in one lump sum. The letter notified the Employer that if it chose monthly payments, the first payment was due on September 4, 2007.

14. The Employer has failed to make any withdrawal liability payments to the 1950 Plan. In addition, the Employer has not requested review of any specific matter relating to the determination of the employer's liability and schedule of payments nor identified any inaccuracy in the determination of the amount of unfunded vested benefits allocable to the employer, pursuant to Section 4219(b)(2)(A) of ERISA, 29 U.S.C. § 1399(b)(2)(A).

15. The Employer has failed to make the withdrawal liability and interest payments demanded by Plaintiffs. Accordingly, the Employer is in default within the meaning of Section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5), and the entire amount of its withdrawal liability is now due and payable.

16. The failure of the Employer to make withdrawal liability payments in accordance with Section 4219(c)(2) of ERISA, 29 U.S.C. § 1399(c)(2), has caused the 1950 Plan to sustain loss of investment income and has further caused the 1950 Plan to incur administrative and legal expenses.

## Count II

17. As a result of its complete withdrawal from the 1974 Plan, the Employer incurred withdrawal liability to the 1974 Plan in the amount of $5,009,487.11, determined under Section 4211(d)(1) of ERISA, 29 U.S.C. § 1391(d)(1).

18. Pursuant to Sections 4202(2) and 4219 of ERISA, 29 U.S.C. §§ 1382(2) and 1399, Plaintiffs notified the Employer of its withdrawal liability by letter dated June 26, 2007. Plaintiffs demanded withdrawal liability of $5,009,487.11 and offered the Employer the option of discharging its liability in monthly payments or paying its withdrawal liability in one lump sum. The letter notified the Employer that if it chose monthly payments, the first payment was due on September 4, 2007.

19. The Employer has failed to make any withdrawal liability payments to the 1974 Plan. In addition, the Employer has not requested review of any specific matter relating to the determination of the employer's liability and schedule of payments nor identified any inaccuracy in the determination of the amount of unfunded vested benefits allocable to the employer, pursuant to Section 4219(b)(2)(A) of ERISA, 29 U.S.C. § 1399(b)(2)(A).

20. The Employer has failed to make the withdrawal liability and interest payments demanded by Plaintiffs. Accordingly, the Employer is in default within the meaning of Section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5), and the entire amount of its withdrawal liability is now due and payable.

21. The failure of the Employer to make withdrawal liability payments in accordance with Section 4219(c)(2) of ERISA, 29 U.S.C. § 1399(c)(2), has caused the 1974 Plan to sustain loss of investment income and has further caused the Plans to incur administrative and legal expenses.

22. The Employer has failed to discharge its statutory obligations and has caused Plaintiffs to suffer immediate, continuing, and irreparable injury. Plaintiffs are without an adequate remedy at law.

WHEREFORE, the Plaintiffs pray that judgment be entered in their favor:

(a) Declaring that the Employer has completely withdrawn from the Plans;

(b) Declaring that Defendant Big "E" Transfer, Inc. and Defendant Hunter Trucking, Inc. were under common control with Defendant Cardinal Trucking Company, Inc. on the date of withdrawal within the meaning of Section 4001(b)(1) of ERISA, 29 U.S.C. § 1301(B)(1), and hence a single employer for withdrawal liability purposes;

(c) Declaring that the amount of the Employer's withdrawal liability to the 1950 Plan and 1974 Plan is $101,833.48 and $5,009,487.11, respectively;

(d) Declaring that the Employer is in default within the meaning of Section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5), and that the entire amount of withdrawal liability set forth in paragraph (c) is due and payable to the Plans;

6

(e) Ordering that the Employer pay in full the withdrawal liability as set forth in paragraph (c), plus interest thereon from the date such amount became due and owing, together with liquidated damages pursuant to Sections 502(g)(2), 515 and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2), 1145 and 1451(b);

(f) Ordering that the Employer pay Plaintiffs' attorneys' fees and costs, and other disbursements associated with this action pursuant to Sections 502(g)(2), 515 and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2), 1145 and 1451(b); and

(g) Ordering such other and further relief as this Court deems appropriate.

Respectfully submitted,

DAVID W. ALLEN
General Counsel
D.C. Bar No. 81638


/s/
LARRY D. NEWSOME
Associate General Counsel
D.C. Bar No. 254763


/s/
CHRISTOPHER F. CLARKE
Senior Assistant General Counsel
D.C. Bar No. 441708

UMWA HEALTH & RETIREMENT FUNDS
Office of the General Counsel
2121 K Street, N.W.
Washington, D.C.  20037
Telephone:  202-521-2238

Attorneys for Plaintiffs

P:\PMWIN\PUBLIC\PLD\KDAVIE\14000923\197026727.doc

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

### I (a) PLAINTIFFS
Michael H. Holland, et al., as Trustees of the UMWA 1974 Pension Plan

110cl

### DEFENDANTS
Cardinal Trucking Company, Inc.
Big "E" Transfer, Inc.
Hunter Trucking, Inc.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

UMWA Health & Retirement Funds
Office of the General Counsel
2121 K Street, N.W.
Washington, DC 20037  Tel: (202) 521-2238

ATTORNEYS (IF KNOWN)

Case: 1:08-cv-00453
Assigned To : Walton, Reggie B.
Assign. Date : 3/17/2008
Description: Labor-ERISA

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ⊗ 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)   OR   ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant)
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

③

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ⊙ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☒ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
⊙ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
29 U.S.C. Section 1001 et seq. declaratory and injunctive relief for collection of withdrawal liability

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23  DEMAND $ 5,111,320.59  Check YES only if demanded in complaint
JURY DEMAND: YES ☐  NO ☒

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☐  NO ☒  If yes, please complete related case form.

DATE March 17, 2008  SIGNATURE OF ATTORNEY OF RECORD _[signature]_

## INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.