IN THE UNITED DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL H. HOLLAND, MICHEAL W. BUCKNER, B.V. HYLER, and STEVEN F. SCHAAB as Trustees of the UNITED MINE WORKERS OF AMERICA 1974 PENSION PLAN,

    Plaintiffs,

v.

CARDINAL TRUCKING COMPANY, INC. BIG E TRUCKING, INC., and HUNTER TRUCKING, INC.

    Defendants.

Civil Action No. 1:08-cv-00453-RBW

## RULE 26 REPORT OF PARTIES' PLANNING MEETING

Pursuant to Fed. R. Civ. P. 26(f) and Local Civil Rule 16.3, a meeting was held on July 11, 2008, and was attended by Christopher F. Clarke, attorney for Plaintiffs, Trustees of the UMWA 1974 Pension Plan, and Dylan G. Trache and Thanos Basdekis, attorneys for Defendants Cardinal Trucking Company, Inc., Big "E" Trucking, Inc. and Hunter Trucking, Inc.

### Statement of the Case

The Plaintiff Trustees of the UMWA 1974 Pension Trust (the "Trustees") brought this action to collect pension plan withdrawal liability under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §§ 1001-1461 (1982). The Trustees allege that Defendant Cardinal Trucking Company permanently ceased covered operations on or about July 2003 and thereby incurred withdrawal liability to the 1974 Pension Trust in the amount of approximately $5 million. The Trustees further allege that Big E Trucking Company and

Hunter Trucking Company are members of the controlled group of corporations with Cardinal Trucking within the meaning of Section 4001(b)(1) of ERISA, 29 U.S.C. § 1301 (B)(1), and are therefore jointly and severally liable for the withdrawal liability.

Defendants have filed answers generally denying these allegations.

## **Matters Discussed**

At the conference, the parties discussed the following matters, and reached the agreements as described, as required under Local Civil Rule 16.3(c):

1. *Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.*

    The parties agree that this case may be resolved on joint motions for summary judgment but that, prior to conducting discovery, the parties cannot conclude that there will no factual dispute requiring a trial.

2. *The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.*

    The parties agree to a date for joining other parties or amending the pleadings 30 days after the close of discovery, which is January 7, 2009.

3. *Whether the case should be assigned to a magistrate judge for all purposes, including trial.*

    The parties do not wish to have this case assigned to a magistrate judge.

4. *Whether there is a realistic possibility of settling the case.*

    The parties believe that there is a fair possibility of settlement in the future but also that it premature to assess settlement prior to discovery.

5. *Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate provision with their clients.*

The parties do not believe that ADR is appropriate at this stage of the proceedings but it may be fruitful later.

6. *Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.*

    The parties agree that this case may be resolved on joint motions for summary judgment but that, prior to conducting discovery, the parties cannot conclude that there will be no factual dispute requiring a trial. The parties proposed that dispositive motions are due on or before 45 days after the close of discovery, with responses due 30 days thereafter, and replies due 14 days after that. These dates would be January 22, 2009; February 24, 2009; and March 10, 2009, respectively.

7. *Whether the parties should stipulate to dispense with the initial disclosures required by Rule26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope form or timing of those disclosures.*

    The parties agree that they will make the disclosures required under Rule 26(a)(1) by August 8, 2008.

8. *The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, request for admissions, and depositions.*

    The parties agree that the discovery guidelines for standard cases are appropriate for this case and that all discovery should close by December 8, 2008. The parties do not believe that a protective order is necessary in this case.

9. *Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.*

    The parties agree that they will abide by the requirements of Rule 26(a)(2) if experts are required in this case.

10. *Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.*

    The parties agree that trial and discovery should not be bifurcated in this case.

11. *The date for the pretrial conference (understanding that a trial will take place 14 to 30 days thereafter).*

    The parties agree that the pretrial conference should take place, if necessary, 30 days after the court has ruled on motions for summary judgment.

12. *Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 14 to 30 days after that conference.*

    The parties agree that the Court should wait until the pretrial conference to set a trial date as there is an appreciable possibility that this case may be resolved on joint motions for summary judgment.

13. *Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.*

    The parties do not believe that other matters are necessary for inclusion in the scheduling order.

                                                Respectfully submitted

                                                /s/
                                                Christopher F. Clarke
                                                Senior Assistant General Counsel
                                                D.C. Bar No. 441708
                                                UMWA HEALTH & RETIREMENT FUNDS
                                                Office of the General Counsel
                                                2121 K Street, N.W.
                                                Washington, D.C.  20037
                                                Telephone:  202-521-2238

                                                Attorney for Plaintiffs

                /s/
                Dylan G. Trache, Esq.
                Wiley Rein, LLP
                D.C. Bar No. 476318
                7925 Jones Branch Drive
                Suite 6200
                McLean, VA  22102

                Attorney for Defendants

Of Counsel:

Thanos Basdekis, Esq.
Bailey & Glasser, LLP
227 Capitol Street
Charleston, WV  25301